Sam B. Strother, Administrator of Estate of Sarah Shub, v. Clem B. Altman, Appellant.

Division One, October 11, 1926.

**CONFESSED ERROR.** Upon a statement by respondent in his brief that appellant is entitled to a reversal of the order setting aside an involuntary nonsuit, and that no further effort will be made to hold him liable, the order granting a new trial is reversed and the cause remanded with directions to reinstate the judgment of nonsuit.

---

Corpus Juris-Cyc. References: **Appeal and Error,** 4 C. J., Section 3175, p. 1162, n. 91.

Appeal from Jackson Circuit Court.—*Hon. Harris Robinson,* Judge.

REMANDED *(with directions)*.

*Hogsett & Boyle* for appellant.

*John I. Williamson, Park & Brown* and *Phineas Rosenburg* for respondent.

OTTO, J.—This is the separate appeal of defendant Clem B. Altman from an order granting plaintiff a new trial after involuntary nonsuit in an action brought by the administrator of the estate of Sarah Shub, deceased, to recover damages for her death alleged to have been caused by negligence of the defendants, Altman, Martin Carroll and Kansas City, Missouri. It is one of the cases arising out of that unfortunate occurrence in Kansas City when several young people who were walking in the street (the sidewalk being obstructed) were run into from the rear by an automobile resulting in several being killed and others injured. [See Lindman v. Carroll, 308 Mo. 187, 271 S. W. 512.]

Respondent in his brief has expressly confessed error saying: "Appellant, Altman, upon the showing made in his brief, is entitled to a reversal of the order setting aside the nonsuit as to him and we will make no effort to longer hold him liable."

Therefore, the order granting plaintiff a new trial as to defendant Altman, is reversed and the cause remanded with directions to reinstate the judgment of nonsuit as to him. It is so ordered. All concur, except *Graves, J.,* absent.